MARTIN, J.
delivered the opinion, of the court. The plaintiff sues as attorney to the absent heirs of one J. Hatfield, and the defendant *630 is the surety of one B. Fleming, who had been appointed curator to Hatfield's estate. The object of the suit is to recover 305 dollars 12 cents, the amount of the estate of the deceased. There was judgment for the plaintiff, and the defendant appealed.
East'n District.
July, 1818.
The statement of facts admits the appointment of the plaintiff, by the court of probates to institute the present suit-that the defendant and L. Shaw executed the bond in suit, as sureties of the curator-that the amount of the property inventoried is 305 dollars, 12 cents- and that the curator died without accounting.
The defendant contends the suit is prematurely brought, as there is no proof of any demand, and consequently no evidence of any refusal on the part of the curator or his representatives, and it is only in the case of a refusal that the act of 1809, 4 & 4 authorizes a suit like the present to be brought. The petition alledges, and the statement of facts admits the appointment of the plaintiff to bring suit. We must presume, that the necessary requisites were shewn to the court of probates before the appointment was made.
It is said the suit is to be brought to compel a settlement, and the defendant is sued to pay. The act cited speaks of compelling the party to *631 deliver the amount in his hands; and this is to be obtained by a suit on the bond.
II It is contended, that the bond is void, being for double the sum which the law reqiures, we are of opinion that it is void pro tanto only.
III. The defendant alledges, that the debt due by the curator is unliquidated, and the cu- rator was entitled to certain allowances for se veral expenses, &c. The rule is de non exis- tentibus & non apparentibus eadem est lex. If he was entitled to any allowance, he ought to have alledged and proved his claim, and the inferior court could not allow it otherwise.
IV. The present suit is in the nature of an action of debt at common law; but it does not follow that all, common law principles, relating to that kind of action, apply to a suit on a bond brought in this country.
V. It was duty of the curator and his re- presentative, to account and deliver the amount in his hands. For the performance of this duty he gave the bond, which the defendant signed, as surety. This has not been done; and, not a breach of the condition the surety is liable to a to a *632 suit, although neither the curator nor his surety have been sued for a settlement.
Lastly, there cannot be a question that the parish of Orleans has a court of probates, whose business is transacted as in all other parishes of the state, and the judgment was properly rendered in this case for the amount due.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.
The plaintiff, in propriâ persona, Harper for the defendants.